```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

HISCOX DEDICATED CORPORATE
MEMBER, LTD,

        Plaintiff,

v.                                  CASE NO:  8:09-cv-2465-T-33AEP

MATRIX GROUP LIMITED, INC.
and LOUIS ORLOFF,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion to Strike Defendants' Expert Designation of David Bryant and Joe H. McDuffie (Doc. # 89). Defendants filed an Opposition thereto (Doc. # 111), and Plaintiff filed a Reply thereto (Doc. # 123).

Plaintiff requests that the Court strike the expert designations of the polygraphers and strike their respective reports. Plaintiff contends that the Eleventh Circuit has generally applied a *per se* rule that polygraph evidence is inadmissable in both civil and criminal cases, save for two very narrow exceptions which do not apply in the instant case. Plaintiff further alleges that Defendants failed to provide notice and an opportunity to participate in the polygraph examination until after Defendants obtained favorable results.

Magistrate Judge Anthony E. Porcelli reached and denied the motion as to the notice issue finding adequate notice was provided. The remainder of the issues were properly construed as a motion in limine and are now before this Court for consideration.

Defendants have designated Bryant and McDuffie as "expert polygraph examiners" and seek to have the polygraph examiners testify at trial as to the results of polygraph examinations taken by Defendant Louis Orloff.

The Eleventh Circuit has held that polygraph evidence is no longer *per se* inadmissible and may be admitted (a) if the parties stipulate in advance as to the test's circumstances and the scope of its admissibility, or (b) under certain circumstances, to impeach or corroborate the testimony of a witness at trial. United States v. Piccinonna, 885 F.2d 1529, 1535-37 (11th Cir. 1989). In enunciating these modifications to the *per se* inadmissibility of polygraph evidence, the Eleventh Circuit was careful to note, however, that neither modification to the *per se* exclusionary rule "preempt[s] or limit[s] in any way the trial court's discretion to exclude polygraph expert testimony on other grounds under the Federal Rules of Evidence." Id. at 1536.

It is undisputed that there has been no stipulation

2

between the parties regarding the polygraph examinations or their admissibility, and the first exception, therefore, does not apply. The second exception, to impeach or corroborate the testimony of a witness at trial, is subject to three preliminary conditions: "(1) the party planning to use the evidence at trial must provide adequate notice to the opposing party that the expert testimony will be offered; (2) the opposing party must be given a reasonable opportunity to have its own polygraph expert administer a test covering substantially the same questions; and (3) the polygraph administrator's testimony must be admissible under the Federal Rules of Evidence governing the admissibility of corroboration testimony." United States v. Gilliard, 133 F.3d 809, 812 (11th Cir. 1998)(citing Piccinonna, 885 F.2d at 1536)(internal quotations omitted)).

The Magistrate Judge having found that notice was adequate, this Court finds that the first two prerequisites have been satisfied. As to the third prerequisite, Plaintiff argues that it has no intention of presenting character evidence at trial such that Defendants could argue an entitlement to admit polygraph evidence in rebuttal. Federal Rule of Evidence 608 limits the use of opinion or reputation evidence to establish the credibility of a witness only after

3

the character of the witness for truthfulness has been attacked. Piccinonna, 885 F.2 at 1536.

Plaintiff argues that it will address the accuracy of specific statements in support of its concealment and fraud coverage defense, but will do so by demonstrating explicit contradictions in the record. This Court agrees with Plaintiff that pointing out to the jury specific instances of dishonesty relevant to the issues in the case does not amount, as a matter of law, to an attack on the Defendants' character for truthfulness. See United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005)(upholding trial court's exclusion of evidence of criminal defendant's truthful character where the "attack" consisted solely of "Government counsel pointing out inconsistencies in testimony and arguing that the accused's testimony is not credible")(citing United States v. Danehy, 680 F.2d 1311, 1314 (11th Cir. 1982)); Kauz v. United States, 188 F.2d 9, 10 (5th Cir. 1951)(holding "[t]he mere fact that a witness is contradicted by other evidence in the case does not constitute an attack upon his reputation for truth and veracity"); Lakes v. Buckeye State Mut. Ins. Ass'n, 168 N.E.2d 895, 899 (Ohio Ct. App. 1959)(holding that where an insurance company pleads the defense of concealment and fraud, there is no attack on character without more, as character is not a

4

central issue like it is in libel, slander or malicious prosecution cases). Assuming that Plaintiff does not go beyond its defense of fraud and concealment to attack the character of Defendants for truthfulness, the Court finds that this second exception to the *per se* rule of inadmissibility has not been satisfied.[1]

Even if this second exception had been satisfied, the Court finds that the evidence is not admissible expert testimony under Fed. R. Evid. 702, and, in the alternative, not admissible under Fed. R. Evid. 403. Courts have generally held that the admission of expert scientific evidence regarding polygraph examinations neither constitutes evidence based on reliable scientific knowledge nor is it sufficiently reliable. See United States v. Canter, 338 F. Supp. 2d 460, 463 (S.D.N.Y. 2004)(analyzing post-Daubert decisions); United States v. Evans, 469 F. Supp. 2d 1112, 1114-15 (M.D. Fla. 2006); United States v. Henderson, 409 F.3d 1293, 1301-04 (11th Cir. 2005).

In addition, any probative value attendant to the

---

[1] Plaintiff also argues that even if Defendants could establish an attack on character for truthfulness, the reports and the testimony of the polygraph examiners do not comply with Fed. R. Evid. 608. The Court, however, need not reach that argument at this juncture.

5

polygraph evidence is significantly outweighed by its highly prejudicial effect and/or danger of confusing or misleading the jury and is, therefore, inadmissible pursuant to Fed. R. Evid. 403.

Defendants also intend to introduce evidence that Orloff was *willing* to take a polygraph examination regarding the alleged arson. The Court, however, finds that any evidence of an offer by Defendants to submit to a polygraph test is inadmissible. See <u>Payne v. Geico Indem. Co.</u>, No. CIV-01-1414-HE, 2002 WL 34439222, at *2-3 (W.D. Okla. May 17, 2002)(holding that evidence regarding insurer's offer to submit to a polygraph examination would be inadmissible as substantive evidence in contract action, although relevant in a bad-faith action).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Strike Defendants' Expert Designation of David Bryant and Joe H. McDuffie (Doc. # 89), construed as a motion in limine, is **GRANTED** to the extent that the Court finds the results of the polygraph examinations and the testimony of the polygraph examiners inadmissible.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>31st</u> day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record