```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

HISCOX DEDICATED CORPORATE
MEMBER, LTD.,

        Plaintiff,

v.                              CASE NO:  8:09-cv-2645-T-33AEP

MATRIX GROUP LIMITED, INC.
and LOUIS ORLOFF,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to Plaintiff Hiscox's Motion for Partial Summary Judgment (Doc. # 142). Defendants filed a Response in opposition thereto (Doc. # 161). For the reasons that follow, the Court finds that the motion is due to be granted.

Hiscox seeks a judgment that, as a matter of law, it was obligated to pay insurance proceeds to Defendants' mortgagee, Superior Bank (the "Mortgagee") and that Hiscox has a legal right to recover from Defendants the insurance proceeds paid to the Mortgagee,[1] assuming a jury's verdict in Hiscox's favor as to coverage, or lack thereof, under the insurance policy (the "Policy").

---

[1] The undisputed record establishes that Hiscox paid the Mortgagee a net amount of $447,330.51.

## I. Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party

must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

## II. Analysis

This motion requires the Court to construe the mortgage loss payable clause in the insurance policy issued by Hiscox to Defendants and naming Superior Bank as the mortgagee/loss payee. In doing so, the Court applies the "general rule that contracts prepared by an insurance company are to be construed against the insurer, and where two interpretations of policy language can fairly be made, the one allowing the greatest coverage to the insured will prevail." Independent Fire Ins. Co. v. NCNB Nat'l Bank of Fla., 517 So.2d 59, 63 (Fla. 1st DCA 1987). The clause at issue provides:

> F.  Additional Conditions
> ***
> 2. Mortgageholders
> ***
>     b.    We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.
> ***
>     d.    If we deny your claim because of your acts or because you have failed to comply with the terms of this Coverage Part, the mortgageholder will still have the right to receive loss payment if the

3

>       mortgageholder:
>       (1) Pays any premium due under this Coverage Part at our request if you have failed to do so;
>       (2) Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and
>       (3) Has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgageholder.
>    e. If we pay the mortgageholder for any loss or damage and deny payment to you because of your acts or because you have failed to comply with the terms of this Coverage Part:
>       (1) The mortgageholder's rights under the mortgage will be transferred to us to the extent of the amount we pay; and
>       (2) The mortgageholder's right to recover the full amount of the mortgageholder's claim will not be impaired.

Doc. # 142, Exh. A, CP 00 10 04 02, ¶ F.2.b, d & e.

**A.   Hiscox's Obligation to Pay the Mortgagee**

A loss payable clause is a method by which a mortgagee or lienholder protects its property interest. There are generally two types of loss payable clauses: (1) an open loss payable clause, and (2) a union, standard or New York clause. Progressive Am. Ins. Co. v. Florida Bank at Daytona Beach, 452 So.2d 42, 44 (Fla. 5th DCA 1984). In an open loss payable clause, the mortgagee stands in the mortgagor/insured's place and is subject to the same defenses as may be used against the

4

mortgagor/insured. Id. The clause states that the mortgagee is paid "as its interest shall appear." On the other hand, a union, standard or New York clause provides language to the effect that the mortgagor/insured's acts or neglect will not invalidate the insurance, provided that if the mortgagor/insured fails to pay premiums due, the lienholder/mortgagee shall on demand pay the premiums. Id.; see, e.g., Independent Fire Ins. Co., 517 So.2d at 61 n.1.

The Court finds that the loss payable clause in the case at bar falls into the union, standard or New York category. See Secured Realty Inv. Fund, Ltd, III v. Highlands Ins. Co., 678 So.2d 852, 855 (Fla. 3d DCA 1996). The loss payable clause provides that even if there is a denial of the mortgagor/insured's claim, "the mortgageholder will still have the right to receive loss payment if the mortgageholder" complies with the listed conditions. One of these is that the mortgagee pay any premium due at the request of the insurer if the mortgagor/insured fails to pay the same.[2] In return for incurring premium liability, the lienholder/mortgagee is freed from the policy defenses that the insurer might have against

---

[2] The fact that the premium for this Policy was paid by the mortgagor/insured up front does not affect the Court's analysis as to the type of clause contained within the Policy.

the owner/mortgagor. Progressive Am. Ins. Co., 452 So.2d at 44.

Hiscox, as a matter of law, had a separate contractual obligation to pay the insurance proceeds to the Mortgagee so long as the Mortgagee complied with the terms of the loss payable clause. Specifically, the Mortgagee was entitled to payment so long as the Mortgagee paid any premium due upon request, submitted a Sworn State in Proof of Loss and notified Hiscox of any change in ownership.

Defendants argue that Hiscox failed to offer evidence that the three conditions in the loss payable clause occurred. More accurately, Defendants argue that because the conditions listed never arose, Hiscox's obligation to pay off the Mortgageholder never arose, and, therefore, Hiscox's payment to the Mortgageholder does not implicate or obligate Defendants. This Court finds the argument to be without merit and notes Defendants' failure to cite any case law specifically on-point. Defendants argue that because the loss payable clause could be read to require the Mortgageholder to actually pay some of the premium in order to activate the clause (which did not occur in this case), the Court should find the loss payable clause to be ambiguous. The Court declines Defendants' invitation to find the clause ambiguous

6

and notes that even if the clause were ambiguous, the case law is clear that "where two interpretations of policy language can fairly be made, the one allowing the greatest coverage to the insured will prevail." Independent Fire Ins. Co., 517 So.2d at 63. As such, the interpretation urged by Defendants would, in fact, result in less coverage under the Policy, not the greatest coverage.

The Court finds that there are no genuine issues of material fact regarding the Mortgagee's compliance with its obligations under the Policy, and partial summary judgment is due to be granted that Hiscox was obligated to pay insurance proceeds to the Mortgagee under the Policy.

**B. Hiscox's Right to Recover Insurance Proceeds from Defendants Subject to the Jury's Verdict on Coverage**

Defendants concede that "[t]echnically, plaintiff essentially would have the right to step into the shoes of the mortgage holder" and seek reimbursement from Defendants of the insurance proceeds paid to the Mortgagee under the Policy in the event that Defendants' claim was denied based on Defendants' acts or because Defendants failed to comply with the terms of the Coverage Part of the Policy. Doc. # 161, p. 6 n.2. Defendants, however, argue that a genuine issue of

7

material fact exists that precludes summary judgment on a determination of Hiscox's legal right to recover those proceeds from Defendants; i.e., the validity of Hiscox's denial of Defendants' claims under the Policy. Specifically, Defendants argue that the Court cannot rule in favor of Hiscox on this motion without a jury first finding that Hiscox properly denied Defendants' claims on the basis of Defendants' acts or failure to comply with the terms of the Coverage Part of the Policy. The Court finds Defendants' argument to be without merit and notes that Defendants cited no authority in support of this argument. The Court can find as a matter of law that Hiscox has a legal right to recover insurance proceeds from Defendants in the event that the jury renders a verdict in favor of Hiscox on coverage.

### III. Conclusion

Accordingly, the Court finds that Hiscox was obligated to pay insurance proceeds to the Mortgagee and that if Hiscox demonstrates to the satisfaction of the trier of fact that Defendants violated the terms of the Policy, then the rights of the Mortgagee transfer to Hiscox, and Hiscox is entitled to seek repayment from the Defendants of the insurance proceeds paid to the Mortgagee.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Hiscox's Motion for Partial Summary Judgment (Doc. # 142) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of August, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE