UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HISCOX DEDICATED CORPORATE
MEMBER, LTD.,

    Plaintiff,
v.                             Case No.   8:09-cv-2465-T-33AEP

MATRIX GROUP LIMITED, INC.,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on the following motions:

(1) Plaintiff's Motion in Limine to Exclude Any and All Evidence, Testimony or Argument of Counsel Regarding the Pinellas County Sheriff's Office's Section 633.175 Request (Doc. # 229) is **DENIED**. Plaintiff seeks an order to prevent reference, comment, or presentation of evidence and prohibiting all witnesses from mentioning any information or evidence regarding the Pinellas County Sheriff's Office's request that Plaintiff provide portions of its file as required by § 633.175, Fla. Stat., because it is irrelevant to the issues in this case and its introduction would be unfairly prejudicial to Plaintiff. The Court finds that information regarding the request is neither irrelevant nor unfairly

prejudicial. The Court, however, will not otherwise allow evidence concerning the lack of criminal prosecution related to the fire loss. See ¶ 6.

(2) Plaintiff's Motion in Limine Regarding References to Handling of Evidence (Doc. # 230) is **DENIED**. Plaintiff seeks to preclude evidence, argument, or inferences to the "improper handling of evidence," "scene left exposed," and "evidence not preserved" regarding the fire loss or claim. The motion, however, is too nebulous, and such issues are better addressed as they arise during trial.

(3) Plaintiff's Motion in Limine Excluding Any Statement or Testimony Regarding Plaintiff's Claim for Indemnification (Doc. # 231) is **GRANTED**. Plaintiff seeks to preclude any mention of its right to seek indemnification from Defendants, and the motion is granted to this extent as the Court has made a finding as a matter of law on the issue of indemnification. See Doc. # 231. At the beginning of trial, however, the Court will address with the parties the issue of the amount due on the mortgage as of July 5, 2009, as to how and when the determination of that amount shall be made, if necessary.

(4) Plaintiff's Motion in Limine Regarding Absence of Evidence (Doc. # 232) is **DENIED**. Plaintiff seeks to preclude evidence, argument, or inferences based on the absence of

evidence as to ADT Security Records, T-Mobile Cell Phone Tower Records, and Preserve Community Gate Records. Plaintiff, however, fails to establish an adequate legal basis for the exclusion of these records or exclusion of argument based on the non-existence of these documents.

(5) Defendants' Motion in Limine to Exclude or Limit Testimony of Kristine Gilmore and Thomas R. Hall (Doc. # 233) is **DENIED**. Defendants seek to preclude or limit certain testimony of Gilmore, a detective with the Pinellas County Sheriff's Office, and Hall, a detective with the State Fire Marshal, as cumulative and as unfairly linking the Defendants to uncharged criminal activity. In addition, Defendants argue that the Court is required to exclude their opinions as to the cause and origin of the fire because of Plaintiff's failure to designate them as expert witnesses. The Court finds all these arguments to be without merit. Gilmore and Hall are witnesses as to a central issue in the trial and are not cumulative as to Plaintiff's expert or as to each other. These witnesses are not offering expert opinion testimony and are not properly excluded for failure to designate them as such. Likewise, the Court will not preclude Plaintiff from mentioning Gilmore or her opinions related to the cause and origin of the fire during its opening statement.

(6) Plaintiff's Motion in Limine to Exclude Any Evidence Regarding Criminal Prosecution or Government Determinations of Culpability Related to the Loss or Claim (Doc. # 236) is **GRANTED**. Plaintiff seeks to preclude mention, evidence, testimony, argument, or inferences related to the prosecution or lack of prosecution, arrest or lack of arrest, investigation into culpability, or government authorities' decisions on any criminal offense related to the fire loss. Any evidence or argument relating to the criminal investigation of culpability for the fire loss is wholly inadmissible because it irrelevant, immaterial, and unfairly prejudicial in a civil trial regarding insurance coverage and would, therefore, serve only to confuse and mislead the jury. See, e.g., FIGA v. R.V.M.P. Corp., 874 F.2d 1528, 1531 (11th Cir. 1989); Aetna Cas. & Surety Co. v. Gosdin, 803 F.2d 1153, 1160 (11th Cir. 1986).

(7) Plaintiff's Motion in Limine to Preclude the Expert Report and Testimony of Defendants' Expert Miles Dierks (Doc. # 238) is **DENIED**. The Court is disinclined to exclude Dierks, the Defendants' designated video expert, from testifying in this case based on the arguments made in the motion in limine. The concerns raised by Plaintiff can be addressed during cross-examination of the witness. The Court, however, will

hold a *Daubert* hearing as to Dierks. See ¶ 18 below.

(8) Defendants' Motion in Limine to Preclude Evidence Concerning Defendant Louis Orloff's Divorce (Doc. # 240) is **DENIED**. Plaintiff must prove motive as an element of "arson defense" to liability under the policy, and these documents are relevant thereto. See Michigan Millers Mut. Ins. Corp. v. Benfield, 140 F.3d 915, 921-22 (11th Cir. 1998). The Court, however, agrees that some of the documents contain language that is irrelevant or too prejudicial. The parties are directed to provide the Court with an agreed redacted version of the documents at the beginning of trial or an agreement as to stipulated facts in lieu of the documents.

(9) Plaintiff's Motion in Limine to Preclude Certain Expert Testimony (Doc. # 241) is **DENIED**. Plaintiff seeks to preclude Defendants' experts from discussing, mentioning or raising at trial any issue or any evidence not discussed or disclosed in that expert's report or during that expert's deposition testimony. Defendants indicate in their response that they do not disagree that experts are generally limited to the opinions expressed in their report or otherwise disclosed. Defendants argue, however, that using a motion in limine to have the Court restate that general rule is unnecessary. This Court agrees.

(10) Plaintiff's Motion in Limine to Preclude the Defendants from Asserting Any Theory Not Provided or Identified During Discovery (Doc. # 242) is **DENIED**. Plaintiff seeks to preclude Defendants from introducing any testimony, evidence, or argument that anyone other than Defendant Louis Orloff had motive to set the July 5, 2009, fire or that the fire at Matrix Warehouse was "accidental." The issues raised by Plaintiff can be addressed on cross-examination, but the Court is unpersuaded that any such testimony, evidence or argument should be excluded.

(11) Plaintiff's Motion in Limine to Exclude Any and All Evidence, Mention, Testimony or Argument of Counsel Regarding Polygraph Exams or Offers to Submit to a Polygraph Exam (Doc. # 243) is **DENIED AS MOOT.** Plaintiff seeks to confirm, pursuant to the Court's Order of May 31, 2011 (Doc. # 158), that there will be no argument or evidence and that all witnesses will be precluded from mentioning polygraph exams including Defendants' offer to take a polygraph exam. This Court has already ruled on the issue and need not "confirm" its ruling pursuant to a motion in limine. See Doc. # 158.

(12) Plaintiff's Motion in Limine to Preclude Evidence in Support of the Defendants' Amended Affirmative Defenses (Doc. # 246) is **DENIED**. Plaintiff seeks to preclude any evidence

6

from being introduced in support of Defendants' affirmative defenses of estoppel, waiver, laches, and unclean hands because these affirmative defenses are improper, as a matter of law, in a first-party coverage action. The Court agrees with Defendants that motions in limine are improper vehicles to determine substantive issues. See <u>Natural Res. Def. Council v. Rodgers</u>, No. CIV-S-88-1658, 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005). In addition, the Court finds that Plaintiff did not prove entitlement to the relief sought.

(13) Plaintiff's Motion in Limine Regarding Defendants' Electrical Expert (Doc. # 247) is **DENIED**. Again, the Court is disinclined to exclude George Page, the Defendants' designated electrical expert, from testifying in this case based on the arguments made in the motion in limine. The concerns raised by Plaintiff can be addressed during cross-examination of the witness. The Court, however, will hold a *Daubert* hearing as to Page. See ¶ 18 below.

(14) Plaintiff's Omnibus Motion in Limine to Exclude Certain Evidence, Testimony or Argument (Doc. # 248) is **DENIED**. Plaintiff seeks an order from the Court that the Defendants may not comment about the amount of money the Plaintiff has spent prosecuting this case; that neither party can state that the opposing party's position is ridiculous;

7

that the Defendants cannot challenge Plaintiff's counsel to explain to the jury why it did not call certain witnesses, etc.; and that when a witness is unavailable and a deposition must be read into the record, neither party can advance questions before the jury regarding the reason a witness is not available for questioning.  The Court finds that the motion does not concern the actual admissibility of any particular evidence and is not a proper motion in limine. Defendants state that they have no intention of violating any ethical obligations to the Court or Plaintiff at trial.

(15) Plaintiff's Motion in Limine to Exclude Any Evidence or Argument Related to Non-Contractual Damages (Doc. # 249) is **DENIED AS MOOT**.  Plaintiff seeks to preclude introduction of evidence or argument related to or referencing damages that are not recoverable under the insurance policy and, therefore, not recoverable in or relevant to this action.  Defendants submit that they have no intent to present evidence of damages that are not recoverable under the Policy.  Nor do they intend to request the jury to grant them "bad faith" damages. Accordingly, the motion is moot.  The Court, of course, retains the ability to readdress the issue at trial as necessary.

(16) Plaintiff's Motion in Limine to Preclude Evidence

Regarding the Opinions of the Second District Court of Appeal (Doc. # 252) is **DENIED**.  Plaintiff seeks to preclude any evidence or argument during trial related to the opinions of the Second District Court of Appeal, which considered the dissolution of marriage action filed by Defendant Orloff.  The Court finds the documents relevant and not unfairly prejudicial.  If either party finds any of the language contained therein to be prejudicial, the parties are again directed to provide the Court with an agreed redacted version of the documents at the beginning of trial or an agreement as to stipulated facts in lieu of the documents.  See ¶ 8.

(17) Plaintiff's Motion in Limine to Exclude Any Evidence or Argument of Counsel Regarding Alleged Bad Faith (Doc. # 253) is **GRANTED** to the extent that Plaintiff seeks to exclude introduction at trial of evidence or argument related to bad faith.  Evidence of bad faith will not be admitted at trial.  The motion is otherwise **DENIED**.  The Court will rule on any other such issues that arise during the course of the trial.

(18) Plaintiff's Request for *Daubert* Hearing on Defendants' Expert Witnesses George Page and Miles Dierks (Doc. # 262) is **GRANTED**.  The Court will conduct a *Daubert* Hearing during trial prior to these witnesses' testimony.

9

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of September, 2011.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties of Record