UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HISCOX DEDICATED CORPORATE
MEMBER, LTD.,

    Plaintiff,

v.                     Case No. 8:09-cv-2465-T-33AEP

MATRIX GROUP LIMITED, INC. and
LOUIS ORLOFF,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Remittitur of Damages (Doc. # 397), which was filed on October 20, 2011. Defendants filed a Response in Opposition to the Remittitur Motion (Doc. # 407) on November 4, 2011, and Plaintiff filed a Reply Memorandum (Doc. # 414) on November 21, 2011. Also before the Court is Plaintiff's Motion for Judgment as a Matter of Law (Doc. # 394), which was filed on October 20, 2011. Defendants filed a Response in Opposition to the Motion for Judgment as a Matter of Law (Doc. # 408) November 4, 2011. In addition, on January 9, 2012, Defendants filed a Motion for Entry of Judgment on Jury Verdict (Doc. # 416).

For the reasons that follow, the Court grants Plaintiff's Motion for Remittitur, denies Plaintiff's Motion for Judgment as a Matter of Law, and grants Defendants' Motion for Entry of

Judgment on Jury Verdict.

I. **Motion for Remittitur**

On October 13, 2011, following an eleven-day trial, the jury reached a verdict in favor of Defendants. Specifically, the jury determined that the July 5, 2009, fire at the Matrix building was not intentionally set, that Defendants did not commit fraud and did not intentionally misrepresent or conceal material facts, and that the Matrix building's burglar alarm was not suspended or impaired. (Doc. # 389). The jury awarded Defendants the following damages:

a. Damages to the Building: $702,600.00

b. Damages to the Inventory and Contents: $1,400,000.00

c. Damages due to Business Interruption: $600,000.00

d. Other Damages under the Policy: $12,500.00

Total Damages: $2,715,100.00

(Doc. # 389).

Plaintiff requests an order reducing the jury's verdict by $447,330.51, the amount Plaintiff previously paid to Superior Bank in satisfaction of the mortgage on the Matrix property. Plaintiff contends that remittitur is warranted to prevent a double recovery. Defendants, on the other hand, oppose remittitur because Plaintiff did not assert the affirmative defense of set-off against Defendants'

counterclaims and because Plaintiff did not introduce evidence at trial regarding the amount Plaintiff paid to Superior Bank. Thus, Defendants argue, "there is no legal or evidentiary basis for the remittitur." (Doc. # 407 at 3).[1] The Court rejects Defendants' arguments.

The Eleventh Circuit has instructed that "[a]s a general rule, 'a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.'" Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1266 (11th Cir. 2008)(citing Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1448 (11th Cir. 1985)).

Here, remittitur is mandated. This Court previously determined in a Order granting partial summary judgment in favor of Plaintiff that Plaintiff paid the Defendants' mortgagee, Superior Bank, a net amount of $447,330.51. (Doc. # 221 at 1). In the absence of a remittitur order, Defendants would enjoy a substantial windfall and would be "in an even better position than their insurance contract allowed. That

---

[1] In addition to challenging the propriety of remittitur, Defendants challenge the remittitur amount, should the Court grant remittitur. Defendants tend to argue that $447,330.51 is not the correct figure. However, despite being given an opportunity to do so, Defendants have not supplied the Court with an alternative remittitur figure.

is, they would receive $447,330.51 *more* than they would have if Hiscox had accepted coverage and paid the claim before suit was filed." (Doc. # 414 at 1). As this Court set out in its jury instructions, Defendants are entitled to recover only those damages for breach of contact "that will put them in the same position they would have been in if Plaintiff had performed its duties under the Policy." (Doc. # 410 at 16). Indeed, under Florida law, a party cannot receive more in damages in a breach of contract action than he bargained for under the contract. See Feldkamp v. Long Bay Partners, LLC, 773 F. Supp. 2d 1273, 1285 (M.D. Fla. 2011)(citing Lindon v. Dalton Hotel Corp., 49 So. 3d 299, 305 (Fla. 5th DCA 2010)).

This Court grants the Motion for Remittitur and reduces that portion of the jury's verdict in which the jury awarded $702,600.00 for "Damages to the Building" by $447,330.51. Accordingly, the jury's award for "Damages to the Building" is reduced to $255,269.49, and the total award in this case is reduced from $2,715,100.00, to $2,267,769.49. Such remittitur is consistent with Eleventh Circuit law as well as Florida law and is necessary to due justice in this case.

## II. **Motion for Judgment as a Matter of Law Under Rule 50(a)**

Plaintiff orally moved for judgment as a matter of law pursuant to Rule 50(a), Fed. R. Civ. P., at the close of the

4

evidence on October 11, 2011. (Doc. # 382). On October 20, 2011, Plaintiff filed a written memorandum in support of its Motion for Judgment as a Matter of Law, to which Defendants have responded.

Rule 50(a)(1) of the Federal Rules of Civil Procedure permits the court to grant judgment as a matter of law against a party with respect to an issue when a party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).

Courts should grant judgment as a matter of law only "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1246 (11th Cir. 2001). Stated another way, "[u]nder Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004). Further, in conducting a Rule 50 analysis, this Court must refrain from invading the province of the jury: "Credibility determinations, the weighing of the evidence, and the drawing

5

of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 1193 (internal citations omitted). The Cleveland court also explained, "[a]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." Id. "[T]he court should give credence to the evidence favoring the nonmovants as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 151 (2000).

The Eleventh Circuit imposes an even higher barrier against granting motions for judgment as a matter of law where, as in this case, the movant has the burden of proof. The Eleventh Circuit has held that granting judgment as a matter of law in favor of a party bearing the burden of proof on an issue is an "extreme step." United States Equal Employment Opportunity Commission v. Massey, Yardley Chrystler Plymouth, Inc., 117 F.3d 1244, 1250 (11th Cir. 1997). There, the court explained that judgment as a matter of law in favor of a movant with the burden of proof on an issue should be entered "only when the evidence favoring the claimant is so one sided as to be of overwhelming effect." Id.

### A. <u>Incendiary Fire</u>

Plaintiff asserts that it is entitled to judgment as a matter of law that the fire that damaged the Matrix building was intentionally set. The Court has evaluated the evidence on file, including the trial transcripts, and declines to take the extreme step of granting judgment as a matter of law for Plaintiff on this issue–an issue upon which Plaintiff bore the burden of proof at trial.

Contrary to Plaintiff's arguments, Defendants introduced substantial evidence demonstrating that the fire was not intentionally set. For instance, Defendants' expert Tom Minnich, a private fire investigator for Kufta Associates in York, Pennsylvania, testified that his investigation uncovered no evidence of arson. (Doc. # 370 at 7, 51-52). Mr. Minnich has investigated "several thousand" fires. <u>Id.</u> at 11. According to Mr. Minnich, there were no accelerants or devices used to start the fire. <u>Id.</u> at 52. Furthermore, there were no signs of forced entry, the alarm system had not been circumvented, and there was no movement seen by any of the cameras at the Matrix building showing anyone within the building at the time of the fire. <u>Id.</u> In sum, Mr. Minnich "just didn't see any evidence at all that there was a human involvement in this particular incident." <u>Id.</u> at 53. In light

of this testimony, a reasonable juror could find that the fire was not incendiary in nature.

In addition, Defendants entered into evidence video surveillance of the building and the ADT Event History Log. (Doc. # 408-9, 408-11). Consistent with Mr. Minnich's testimony, that evidence tended to show that no individuals were present in or near the building at the time of the fire and that there was no entry or exit from the Matrix building prior to the first indication of smoke. As argued by Defendants, "[a] juror could reasonably infer from that evidence that no one entered the building and, therefore, that no human could have set this fire." (Doc. # 408 at 5).

Defendants also introduced evidence that Louis Orloff was at home during the time of the fire. (Doc. # 408-6 at 26). As argued by Defendants, since Plaintiff repeatedly argued that "Mr. Orloff was the only human being in the world that could have started this fire" a reasonable jury could conclude that "since Mr. Orloff was the only person the world that could have started this fire, and since Mr. Orloff was at home at the time the fire began, the fire could not possibly have been incendiary in nature." (Doc. # 408 at 7).[2]

---

[2] Mr. Orloff's testimony that he did not set the fire and, at the time of the fire, was at his home with his wife

Plaintiff has not demonstrated that an absence of sufficient evidentiary basis for a reasonable jury to find for Defendants on the issue of whether the fire was intentionally set. Accordingly, the Court declines to grant judgment as a matter of law on this issue.

B. **Burglar Alarm Suspension**

Plaintiff argues that it is entitled to judgment as a matter of law because the evidence shows that the burglar alarm was suspended at the time of the fire. Plaintiff's expert, Jeffrey Zwirn, testified that the alarm at the property was functional at the time of the fire and that the only way for an intentional fire to have been set without the alarm sounding would have been if the alarm was suspended. (Doc. # 359 at 207-211). This testimony does not mandate a finding that the alarm was suspended or otherwise tampered with. As argued by Defendants, "[s]ince there was no evidence that anyone entered the building at the pertinent times, a jury could reasonably conclude that no one suspended the system." (Doc. # 408 at 10).

---

Gina and engaging in internet activity is supported by Gina Orloff's testimony (Doc. # 408-7 at 189) as well as Defendants' trial exhibits documenting Mr. Orloff's computer usage, credit card records, gate records, and phone records. Def. Trial Exs. ## 244, 246-247, 249-253, 255E, 257, 259, 262, 424A.

Mr. Zwirn testified that if the fire was intentionally set, then the security system had to have been suspended. Here, the jury did not find that the fire was intentionally set. Therefore, the jury was free to disregard Mr. Zwirn's testimony regarding the alarm system being suspended in the case of an intentionally set fire.

Furthermore, Defendants' expert, Bruce Koenig, an individual with a Master's degree in forensic science from George Washington University, testified that the system was not suspended, and the ADT Events History Log did not show a disruption of the alarm system. (Doc. # 343 at 118, 161-162). The jury was permitted to credit this testimony, and the Court finds that Defendants offered substantial evidence that the alarm system at the building was not suspended. Accordingly, the Court denies Plaintiff's Motion for Judgment as a Matter of Law on this issue.

**C.    Concealment, Fraud and Material Misrepresentation**

Plaintiff moves for judgment as a matter of law based on Defendants' alleged concealment, fraud, and material misrepresentation during the investigation of the insurance claim in question. Plaintiff does not meet its burden on this allegation within the context of a Rule 50(a) motion, in which the Court may not weigh the parties' evidence, may not engage

in credibility determinations, and must disregard all evidence favorable to Plaintiff that the jury is not required to believe. Mr. Orloff's testimony that he did not, "during the interviews that the insurance company conducted," ever "intentionally misrepresent anything to the insurance company" when viewed under the prism of a Rule 50(a) motion, defeats Plaintiff's motion as to this issue. (Doc. # 408-8 at 11).

Without remarking on each alternative theory advanced by Plaintiff in this case, the Court determines that Defendants offered substantial and significant evidence in the form of testimony and exhibits demonstrating that no intentional, material misrepresentations were made. The jury found that Defendants did not commit fraud with respect to the Policy or intentionally misrepresent or conceal material facts or circumstances on the claim form or during the inquiry made by the Plaintiff after the fire loss occurred. (Doc. # 389 at 2). This finding was supported by the evidence adduced at trial. Accordingly, the Court denies the Motion for Judgment as a Matter of Law on the issue of fraud, concealment, and material misrepresentation.

    D.   **Business Interruption Claim**

The jury awarded Defendants $600,000.00 in damages due to business interruption. (Doc. # 389 at 3). Plaintiff asserts

that Defendants "failed to provide sufficient evidence that would allow a jury to enter a verdict in any amount on that issue." (Doc. # 394 at 9). The Court disagrees. Mr. Orloff testified that Matrix sustained over $1 million in business interruption damages and that the policy limits for business interruption damages was $600,000.00. (Doc. # 408-6 at 28). Mr. Orloff, the president of Matrix, was competent to testify as to such matters, see <u>Gregg v. U.S. Indus., Inc.</u>, 887 F.2d 1462, 1469 (11th Cir. 1989), and Plaintiff's counsel chose not to cross examine Mr. Orloff as to how he reached this amount. It appears that the jury credited Mr. Orloff's testimony, and the Court finds nothing improper about the jury's findings on this issue. Thus, the Court determines that the jury's verdict was supported by substantial evidence.

### III. <u>Motion for Entry of Judgment</u>

The Court, having addressed the Motion for Remittitur and the Motion for Judgment as a Matter of Law, determines that it is appropriate to grant Defendants' Motion for Entry of Judgment on Jury Verdict (Doc. # 416) and directs the Clerk to enter judgement consistent with this opinion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Remittitur of Damages (Doc. # 397)

is **GRANTED.**

(2) Plaintiff's Motion for Judgment as a Matter of Law (Doc. # 394) is **DENIED.**

(3) Defendants' Motion for Entry of Judgment on Jury Verdict (Doc. # 416) is **GRANTED.**

(4) The Clerk is directed to enter judgment in Defendants' favor and, thereafter, to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record