UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HISCOX DEDICATED CORPORATE
MEMBER, LTD.,

        Plaintiff,
v.                            Case No. 8:09-cv-2465-T-33AEP

MATRIX GROUP LIMITED, INC. and
LOUIS ORLOFF,

        Defendants.
_____/

### **ORDER**

This matter is before the Court pursuant to Plaintiff's Motion for Emergency Stay of Proceedings to Enforce the Money Judgment Pending Disposition of Post-Judgment Motions (Doc. # 423), filed on January 25, 2012. Defendants filed a Response in Opposition to the Motion on January 27, 2012 (Doc. # 428). For the reasons that follow, the Court grants the Motion.

### **Analysis**

On October 13, 2011, following an eleven-day trial, the jury reached a verdict in favor of Defendants. The Court entered its Judgment in favor of Defendants in the total amount of $2,267,769.49. (Doc. # 421).[1]

---

[1] Defendants filed a Motion to Amend the Judgment (Doc. # 425) and a Motion for Attorneys' Fees (Doc. # 426). These
(continued...)

Plaintiff seeks an order staying the Judgment pending the disposition of Rule 50(b) and 59 post-trial motions pursuant to Rule 62(b) of the Federal Rules of Civil Procedure.[2] Although Rule 62(b) calls for "appropriate terms of the opposing party's security," Plaintiff submits that it should not be required to post a bond.

Defendants do not oppose the stay of the Judgment; however, Defendants argue that this Court must require Plaintiff to post a bond. Specifically, Defendants note that they "oppose the motion to the extent that the plaintiff requests a stay without posting full security." (Doc. # 428 at 1). The issue that this Court must decide is the appropriate amount of the security.

Defendants suggest that the appropriate amount of the bond should be $8,651,324.00, which represents the Judgment

---

[1](...continued)
Motions are not yet ripe for the Court's review and will be addressed via separate Order.

[2] Rule 62(b) of the Federal Rules of Civil Procedure states: "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of any of the following motions: under Rule 50, for judgment as a matter of law . . . under Rule 59, for a new trial or to alter or amend a judgment."

amount, pre-judgment interest, post-judgment interest, requested attorneys' fees, and requested costs. As noted, Plaintiff suggests that no bond is needed "because there is no question Hiscox will remain capable of paying any resulting judgment." (Doc. # 423 at 3).

The Court determines that it is appropriate to grant Plaintiff's motion to stay the Judgment; however, the Court agrees with Defendants that "further delay without some form of security prejudices the defendants and their right to protection as the prevailing party in this action." (Doc. # 428). Had Plaintiff filed some document providing net worth information, this Court might have been comfortable entering a stay without bond. In the absence of any objective information regarding Plaintiff's actual ability to pay the Judgment, the Court considers Plaintiff's representation that "there is no concern about Hiscox's financial position" to be a mere platitude. (Doc. # 423 at 2).

In the alternative to its argument that no bond is needed, Plaintiff indicates that it should be required to provide "security equal to the net amount of judgment plus some amount of post-judgment interest." (Doc. # 423 at 6). Plaintiff also points to Warfield v. Hall, No. 2:07-cv-332-

FtM-33SPC, 2010 U.S. Dist. LEXIS 50302, at *1 (M.D. Fla. Apr. 23, 2010). In that case, this Court required posting of security in the amount of the principal (which included the judgment amount and attorneys fees and costs that had already been awarded) plus 20 percent.

The Court requires Plaintiff to post a supersedeas bond in the amount of $2,834,711.74 within 15 days of the date of this Order. This amount represents the Judgment amount plus 25 percent.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Emergency Stay of Proceedings to Enforce the Money Judgment Pending Disposition of Post-Judgment Motions (Doc. # 423) is **GRANTED**.

(2) The Judgment against Plaintiff (Doc. # 421) is stayed pending further order.

(3) Plaintiff is required to post a supersedeas bond in the amount of $2,834,711.74, within fifteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record