UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HISCOX DEDICATED CORPORATE
MEMBER, LTD.,

    Plaintiff,

v.     Case No. 8:09-cv-2465-T-33AEP

MATRIX GROUP LIMITED, INC. and
LOUIS ORLOFF,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Emergency Motion to Extend Time to File Notice of Appeal Pending Disposition of Defendants' Motion for Attorneys' Fees and to Continue Stay of Execution or any Proceedings to Enforce the Judgment Under Present Bond (Doc. # 459), which was filed on May 9, 2012. Defendants filed their Response in Opposition to the Motion (Doc. # 462) on May 11, 2012. For the reasons that follow, the Motion is granted.

**I.**   **Background and Procedural History**

On October 13, 2011, following an eleven-day trial, the jury returned a verdict in favor of Defendants. (Doc. # 389). After resolving various post-trial motions, the Court entered its Judgment in favor of Defendants in the amount of $2,267,769.49. (Doc. # 421).

On January 25, 2012, Hiscox filed its Emergency Motion to Stay Proceedings to Enforce Money Judgment Pending Disposition of Post-Judgment Motions (Doc. # 423). The Court stayed the Judgment against Hiscox pending further order and required Hiscox to post a supersedeas bond in the amount of $2,834,711.74. (Doc. # 429).

On January 26, 2012, Matrix and Mr. Orloff filed a Motion to Alter Judgment to include interest (Doc. # 425) and filed a Motion for Attorneys' Fees (Doc. # 426). The Court granted Defendants' Motion to Alter Judgment as an unopposed Motion after Hiscox failed to file a response. (Doc. # 437). The Court entered its Amended Judgment in favor of Defendants in the amount of $2,285,990.61 on February 28, 2012. (Doc. # 443). The Court has yet to enter a ruling on Defendants' pending Motion for Attorneys' Fees because such Motion is not yet ripe. Pursuant to an extension of time, Plaintiff has until and including May 21, 2012, to respond to the Motion for Attorneys' Fees. (Doc. # 432).

On April 25, 2012, the Court entered an Order (Doc. # 458) denying Hiscox's Renewed Motions for Judgment as a Matter of Law and New Trial (Doc. # 436, 452). Hiscox has signaled its intention to file a notice of appeal, and it must do so by May 25, 2012. Among other relief, Hiscox seeks an extension

of time in which to appeal pending the Court's ruling on Defendants' Motion for Attorneys' Fees.

## II. **Discussion**

Pursuant to Rule 58(e) of the Federal Rules of Civil procedure and Rule 4(a)(4) of the Federal Rules of Appellate Procedure, Hiscox seeks an extension of time to file its notice of appeal and to continue the stay of execution or any proceedings to enforce the judgment pending the Court's disposition of the Motion for Attorneys' Fees. Plaintiff further requests an Order approving the $2,834,711.74 supersedeas bond that Plaintiff has already posted in the Court's Registry as sufficient security for the requested stay. (Doc. # 434).

Rule 58(e) of the Federal Rules of Civil Procedure provides:

> Cost or Fee Awards. Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

As a corollary to Rule 58(e) of the Federal Rules of Civil Procedure, Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides:

> (4) Effect of a Motion on a Notice of Appeal.
>   (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the [30-day] time to file an appeal runs for all parties from the entry of the order disposing of the last such pending motion:
>     (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58.

Plaintiff requests that this Court exercise its discretion pursuant to the aforementioned authorities to enter an order extending Plaintiff's time for taking an appeal until 30 days from the date that this Court resolves the pending Motion for Attorneys' fees. Plaintiff's request is supported by the 1993 Advisory Committee Notes to Rule 58, Fed.R.Civ.P., which explain: "[I]n many cases it may be more efficient to decide the fee question before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case."

The Court agrees with Plaintiff's argument that "the simultaneous appeal [of the underlying judgment and the fee award] will afford judicial efficiency in the appellate proceeding." (Doc. # 459 at 4). In addition, in light of Plaintiff's financial wherewithal, this Court also determines that the supersedeas bond previously posted by Plaintiff is sufficient.

While Defendants contend that granting the requested extension will cause delay and significant hardship, the Court disagrees and determines that granting the extension will allow the appeal of the merits of the case and the appeal of the fee award to be addressed simultaneously.  The Court's decision to grant the extension will prevent the piecemeal adjudication of the appeal, promote the interests of judicial economy, and conserve the resources of the parties.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Emergency Motion to Extend Time to File Notice of Appeal Pending Disposition of Defendants' Motion for Attorneys' Fees and to Continue Stay of Execution or any Proceedings to Enforce the Judgment Under Present Bond (Doc. # 459) is **GRANTED** consistent with the foregoing.

(2) Plaintiff has until 30 days from the date of the Court's decision on the pending Motion for Attorney's fees to file its appeal in this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record